J-S18010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                           :

                   v.                        :
                                           :

SEAN BURTON                      :
                                         :

                Appellant         :     No. 2163 EDA 2022

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003894-2010

BEFORE:    PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.:              **FILED SEPTEMBER 7, 2023**

     Sean Burton, who is currently serving a life sentence for a murder conviction, brings this appeal from the denial of his third petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

     Burton was arrested in June 2010 for the murder of James Stropas, the paramour of Burton's estranged wife. Stropas had been stabbed more than seventy times. On March 25, 2011, a jury convicted Burton of murder of the first degree and possession of an instrument of crime ("PIC"). On May 24, 2011, the trial court sentenced Burton to serve a term of life imprisonment for the murder conviction and a consecutive term of incarceration of six to twenty-three months for the PIC conviction.

---

* Former Justice specially assigned to the Superior Court.

On March 28, 2012, a panel of this Court affirmed the judgment of sentence. *See Commonwealth v. Burton*, 1582 EDA 2011, 47 A.3d 1258 (Pa. Super. filed March 28, 2012) (unpublished memorandum). Burton filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on August 28, 2012. Burton did not file a petition for writ of certiorari with the United States Supreme Court.

On February 23, 2021, Burton filed this, his third, PCRA petition. The PCRA court dismissed the petition on August 9, 2022. This timely appeal followed in which Burton raises claims challenging the PCRA court's determination that his PCRA petition was untimely filed.

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature and goes to a court's right or competency to

adjudicate a controversy. *See Commonwealth v. Robinson,* 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Our review of the record reflects that Burton's judgment of sentence became final on November 26, 2012, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. To be timely, Burton needed to file the instant PCRA petition on or before November 26, 2013. Burton did not file this PCRA petition until February 23, 2021. Accordingly, Burton's PCRA petition is patently untimely, and we lack jurisdiction to consider its merits unless he pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See id*. A PCRA petition invoking one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (citation omitted).

In his brief to this Court, Burton alleges that two of the timeliness exceptions apply. *See* Appellant's Brief at 26-31. Burton argues the timeliness

exception under section 9545(b)(1)(ii), claiming he had newly discovered evidence in the form of a mental health records belonging to Stropas, which reflected a struggle with PTSD and an alleged propensity towards violence. In addition, Burton attempted to invoke the governmental interference exception under section 9545(b)(1)(i). Burton baldly alleges that somehow the Commonwealth hid the records from him, which amounts to a **Brady** violation.[1]

We cannot ignore that Burton was required to exercise due diligence in obtaining the information that forms the basis for his PCRA petition. This issue was addressed by our Supreme Court in **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008). In **Stokes**, the appellant was convicted of three counts of first-degree murder and related charges in 1983. The appellant then filed a timely direct appeal and a timely PCRA petition, which were unsuccessful.

In February of 2004, the appellant in **Stokes** initiated federal habeas corpus proceedings and obtained files from the United States Postal Service and the Philadelphia Police Department. He then filed a second PCRA petition alleging a **Brady** violation, in that the Commonwealth failed to disclose documents in the files, which contained exculpatory evidence. The appellant in **Stokes** claimed that he satisfied the "newly discovered fact" and "government interference" exceptions to the PCRA's timeliness requirements.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

The PCRA court found the PCRA petition to be untimely and denied his petition without a hearing, and our Supreme Court ultimately affirmed on appeal.

In reaching its decision, our Supreme Court held that both exceptions mandate compliance with the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2), which "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Stokes*, 959 A.2d at 310. Accordingly, the proper questions with respect to timeliness in *Stokes* were "whether the government interfered with [the a]ppellant's access to the […] files, and whether [the a]ppellant was duly diligent in seeking those files." *Id*.

The Court in *Stokes* concluded the record established that the appellant had been aware of the existence of the files prior to seeking them, and he did not claim that the Commonwealth prevented him from accessing the files earlier. Since Stokes was aware of the existence of the files prior to filing his PCRA petition, and he did not explain why he did not seek them earlier, he failed to satisfy the due diligence requirement of the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2). *Stokes*, 959 A.2d at 311.

In addressing Burton's claim that these exceptions to the timeliness requirement of the PCRA apply here, the PCRA court stated the following:

> [Burton] claims the newly discovered fact is the January 21, 2021 "discovery" of the VA medical records of Victim Stropas. The newly discovered facts exception requires a petitioner to allege and prove there were facts unknown to the petitioner and they could not have been ascertained through due diligence. The timeliness exception under the PCRA is not satisfied when the

- 5 -

facts are not actually new or newly discovered, and the information could [] have been obtained earlier with the exercise of due diligence. ***Commonwealth v. Graves***, 197 A.3d 1182 (Pa. Super. 2018); ***Commonwealth v. Stokes***, 959 A.2d 306 (Pa. 2008). The PCRA's newly discovered facts exception does not apply in [Burton's] case, and even if it does, [Burton] has not shown the VA records he now possesses constitutes a newly discovered fact. The parties knew about Victim's VA records before trial began; in fact, [Burton] before trial sought the records in an effort to discern information concerning Victim Stropas' potential PTSD and treatment and considered using the records to promote a claim of self-defense; [Burton] also stipulated the records should not be used during trial and agreed to the submission and sealing of the records. This court concluded there was [nothing] new about the existence of the VA records and [Burton] did not satisfy the newly discovered facts exception to the time limitation for filing a petition under the PCRA.

Concerning an allegation of governmental interference as an exception for a failure to timely file a PCRA petition, a petitioner must show: the failure previously to raise this claim resulted from interference by government officials. ***Commonwealth v. Stokes***, 959 A.2d 306 (Pa. 2008). Petitioner makes the accusation the Commonwealth improperly withheld the VA records in violation of ***Brady v. Maryland***, 373 U.S.83 (1963). The record absolutely belies [Burton's] allegations: the existence of the VA records were known to [Burton] (and the Commonwealth and the Court) in 2011, and [Burton] agreed the records should be submitted to and sealed by the trial court. [Burton] cannot and did not prove by any evidence, let alone by a preponderance of the evidence, the Commonwealth denied access to the records and he cannot show he exercised due diligence in discovering the information before 2021.

Trial Court Opinion, 10/13/22, at 5-6.

Likewise, our review of the record reflects that Burton did not lack knowledge of, nor was he obstructed in obtaining Stropas's medical records from the VA, which were the subject of a motion to compel production filed on August 31, 2010, and attendant hearing held on September 14, 2010. On

October 6, 2011, Burton filed a praecipe withdrawing his motion to compel production of Stropas's mental health records. Consequently, Burton has failed to establish that the records amount to previously unknown facts.

Moreover, Burton does not offer an explanation why he did not investigate or seek production of the records prior to the filing of the instant PCRA petition. In his reply brief filed with this Court, Burton states: "Mr. Burton's claim speaks more of his trial attorney's sloth or ignorance than a careful assessment of the facts. … Mr. Stropas was dead, and he was in no position to assert the privilege. **Mr. Burton obtained the Stropas medical records himself. Upon Mr. Burton's request, the VA mailed Mr. Stropas'[s] medical records to Mr. Burton**." Appellant's Reply Brief, at 7-8 (emphasis added). This admission by Burton establishes that the records were readily available from the VA. Accordingly, we conclude that Burton has failed to establish that he satisfied the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2), that the information he relied upon in filing his PCRA petition could not have been obtained earlier by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(2); *Stokes*, 959 A.2d at 310.

Burton has not carried his burden to properly plead and prove the applicability of one of the exceptions. Consequently, the PCRA court did not commit any error in dismissing Burton's petition as untimely. Hence, this Court has no jurisdiction to address the merits of Burton's claims. *See Robinson, supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/07/2023